**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-4289**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ERIC I. DAY,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  Frank W. Volk, Chief District Judge.  (5:22-cr-00086-1)

_____

Submitted:  July 29, 2025                              Decided:  July 31, 2025

_____

Before KING, WYNN, and BERNER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Wesley P. Page, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Lex A. Coleman, Senior Litigator, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  William S. Thompson, United States Attorney, J. Parker Bazzle, II, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric I. Day appeals his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  Day argues that § 922(g)(1) is both facially unconstitutional and unconstitutional as applied to him following *New York State Rifle & Pistol Ass'n v. Bruen*, in which the Supreme Court held that a firearm regulation is valid under the Second Amendment only if it "is consistent with this Nation's historical tradition of firearm regulation."  597 U.S. 1, 17 (2022).  We affirm.

Two of our recent decisions foreclose Day's challenges on appeal.  In *United States v. Canada*, we considered and rejected a constitutional challenge to § 922(g)(1), holding that "Section 922(g)(1) is facially constitutional because it has a plainly legitimate sweep and may constitutionally be applied in at least some set of circumstances."  123 F.4th 159, 161 (4th Cir. 2024) (internal quotation marks and emphasis omitted).  Likewise, in *United States v. Hunt*, we held that neither *Bruen* nor *United States v. Rahimi*, 602 U.S. 680 (2024), "abrogates this Court's precedent foreclosing as-applied challenges to Section 922(g)(1) and those decisions thus remain binding."  123 F.4th 697, 702 (4th Cir. 2024), *cert. denied*, No. 24-6818, 2025 WL 1549804 (U.S. Jun. 2, 2025).

Accordingly, we affirm the judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

2